J-A27026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE CONNIE GRECO, AN INCAPACITATED PERSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF ARTHUR REDGRAVE, ESQUIRE, TRUSTEE OF THE CONNIE GRECO REVOCABLE TRUST | No. 812 EDA 2018 |

Appeal from the Order Entered February 6, 2018
In the Court of Common Pleas of Montgomery County
Orphans' Court at No: 15-X3145

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 21, 2019**

Appellant, Arthur Redgrave, trustee of the Connie Greco Revocable Trust ("Trustee"), filed this appeal following a February 6, 2018 order authorizing Denise Valerio, Greco's guardian (Guardian"), to make payments for legal fees and other services provided to Greco.  In his brief, Trustee asserts boilerplate objections to the Orphans' Court's February 6, 2018 order and attempts to challenge an order that he never appealed: a January 25, 2018 order permitting Guardian to seek revocation of the Trust in Palm Beach County, Florida.  We affirm.

Greco is incapacitated and lives with one of her daughters, Phyllis Bucci, in Montgomery County, Pennsylvania.[1]  In February 2017, after protracted litigation in Florida between members of Greco's family, the litigants entered into a settlement agreement that (1) provided payment of over $300,000.00 to various attorneys, (2) designated Denise Valerio ("Guardian") as plenary permanent guardian of Greco's person and estate, and (3) directed Trustee to distribute $20,000.00 per month from the Trust to Guardian for Greco's care and maintenance.  Paragraph 19 of the agreement authorized Guardian to "consult periodically with [Trustee] as to [Greco's] ongoing financial needs."

On April 7, 2017, the Orphans' Court of Montgomery County formally appointed Guardian as guardian of Greco's person and estate.  Subsequently, Guardian requested an increase in monthly funding from Trustee.  Trustee refused.

In late 2017, Guardian filed a petition requesting the Orphans' Court to grant Guardian authority to revoke the Trust.  Trustee filed an objection to Guardian's petition.  On January 25, 2018, the Orphans' Court granted Guardian leave to seek revocation of the Trust but stated that "the issue of revocation must be resolved . . . by the Circuit Court of the 15th Judicial District in and for Palm Beach County, Florida, which has jurisdiction over the Trust." Trustee did not appeal this order.

---

[1] Trustee alleges that Bucci "essentially kidnapp[ed]" Greco from her Florida residence against her will.  Appellant's Brief at 6.

In late 2017, several persons and entities filed petitions with the Orphans' Court requesting fees for services performed for Greco or Guardian. These petitions were as follows:

1. Attorney Diane Zabowski, Esquire sought $3,023.00 for legal services as Greco's court-appointed attorney;

2. Montco Elder Law's petition sought $7,787.89 for legal services relating to Greco's benefit;

3. Valerio Care Management's petition sought $10,426.19 for Guardian's services to Greco;

4. Attorney Arkadiy Grinshpun, Esquire's petition seeking $11,263.12 for legal services to Guardian; and

5. Attorney Audra Simovitch, Esquire's petition seeking $2,640.00 for legal services to Guardian.

Trustee objected to each petition. On February 6, 2018, following an evidentiary hearing, the Orphans' Court granted all five petitions and authorized all expenditures. The Orphans' Court criticized the Trustee as "imprudent" and "imprudent in the extreme" for opposing the petitions' "modest" requests. Opinion and Order, 2/6/18, at 3-4. The Orphans' Court further observed:

> This Court does not have jurisdiction over Connie Greco's revocable trust, which has its situs in Florida, and cannot order [Trustee] to make distributions. This Court, however, does have jurisdiction to approve as reasonable an annual or monthly budget to be spent by [Guardian] to meet Connie Greco's needs, including a reasonable amount for [Guardian's] fees and for counsel fees.

Approval of such a budget by this Court is expressly recognized in the parties' agreement. Some evidence was presented at the hearing that established that the monthly expenditures from the guardianship account, including the payment of [Guardian]'s fees and counsel fees, exceeds the $20,000 monthly distribution from Connie Greco's revocable trust. However, [Guardian] shall submit a petition requesting Court approval of a proposed budget. It will be up to [Trustee] to make distributions sufficient to meet Connie Greco's needs, or, if he fails to distribute Ms. Greco's funds to meet her needs, it will be up to a Florida court to determine whether [Trustee] has acted unreasonably in failing to increase the amount distributed to a sufficient amount to pay the reasonable expenses of Connie Greco.

Opinion and Order, at 6.

On March 8, 2018, Trustee filed a notice of appeal from the February 6, 2018 order. The Orphans' Court did not order Trustee to comply with Pa.R.A.P. 1925.

On March 19, 2018, the Orphans' Court filed a supplemental opinion that stated:

Although Connie Greco is living in Pennsylvania, her trust has its situs in Florida and has been the subject of proceedings in the probate division of the Palm Beach County Court there. That Court has specifically retained jurisdiction over the [T]rust. This is significant in the matter *sub judice* because the Court order under appeal does not direct [Trustee]'s actions in any way and does not impact the [Trust's] administration. It simply finds that certain expenditures made to support Ms. Greco were reasonable and necessary, and permits the Pennsylvania [G]uardian to pay the bills that have come due. In approving [Guardian]'s proposals, this Court has not tried to exercise jurisdiction over [Trustee] or the [T]rust and has not ordered [Trustee] to do anything. If it becomes necessary to resort to litigation to obtain funds from [Trustee], [Guardian] will have to proceed in Florida.

Supplemental Opinion, 3/19/18, at 1-2.

On March 28, 2018, Guardian requested the Orphans' Court to order Trustee to increase Guardian's monthly distributions to $22,000.00 per month for Greco's care and maintenance. On April 19, 2018, the Orphans' Court granted Guardian's petition, noting that there was no response to Guardian's request.

Trustee raises two issues in this appeal:

1. Did the [Orphans'] Court lack jurisdiction to conclude that "a petition seeking to revoke the Florida Trust is in the best interest of [the beneficiary]" and by awarding legal fees associated with a guardian seeking to revoke the trust?

2. Does a trustee have standing to appeal a Pennsylvania order that substantially impacts the trust he administers?

Trustee's Brief at 5.

In his first argument, Trustee asserts that the Orphans' Court overstepped its bounds by opining that the Trust should be revoked, a matter that Trustee claims lies within the exclusive jurisdiction of the Palm Beach County, Florida court. We disagree. The February 6, 2018 order is the only order that Trustee appealed. The only issue that the Orphans' Court decided in this order was whether to permit Guardian to pay various fees for services.

To be sure, the Orphans' Court mentioned revocation in its previous order dated January 25, 2018, but even then, it did not opine that the Trust should be revoked. Instead, the January 25, 2018 order merely authorized Guardian to **seek** revocation of the Trust in Florida. Moreover, shortly after the January 25, 2018 order, the Orphans' Court issued two opinions stating

that it was only exercising jurisdiction over Guardian, not the Trust. Opinion and Order, 2/6/18, at 6; Supplemental Opinion, 3/19/18, at 1-2. The Orphans' Court expressly declined to state any view on whether the Trust should be revoked; it left that issue to the Florida court, the lone forum that has jurisdiction over the Trust. *Id.* Therefore, Trustee's first argument lacks merit.

In his second argument, Trustee claims that he has standing to appeal the February 6, 2018 order because it affects the Trust. We need not analyze whether Trustee has standing because of a separate defect: his total failure to demonstrate any error by the Orphans' Court. Trustee objects that the five fee petitions "gave insufficient explanations for the requested amounts" and "seemed excessive," Trustee's Brief at 17, but he fails to provide any detail in support of this claim. In just a single sentence, Trustee claims that it was "disturbing" that the Orphans' Court declined to order an accounting as to how Guardian was spending her monthly allotment of $20,000.00. *Id.* Since he does not bother to support this claim, we find it devoid of merit.[2] Next, again in just a single sentence, Trustee objects to the Orphans' Court's decision to grant attorney Grinshpun's petition for fees. *Id.* at 17-18. Once again, due to his failure to flesh out this argument, we find it devoid of merit. Finally,

---

[2] Further, as noted above, on March 28, 2018, the Orphans' Court approved Guardian's proposed budget raising her monthly allotment to $22,000.00. Review of the docket establishes that Trustee did not appeal this order.

Trustee insists that the Orphans' Court erred by suggesting that the Trust should be revoked. As discussed above, the court did no such thing; it left that issue for the Florida court to resolve.

For these reasons, we affirm the Orphans' Court's February 6, 2018 order.[3]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19

---

[3] While this matter was pending, Appellant filed an application for permission to file a post-argument communication. Pa.R.A.P. 2501 allows post-submission communications if there is a change in status of authorities relied upon in the briefs. Appellant does not allege any change of status of authorities. Therefore, the application is denied.